IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY V. WILLIAMS | : CIVIL ACTION NO. |
| Plaintiff, | : 02 CV 3183 |
| v. | : |
| KYW-TV<br>and<br>CBS CORPORATION<br>and<br>VIACOM, INC. | : |
| Defendants. | : |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants KYW-TV, CBS Corporation, and Viacom, Inc., by and through their undersigned counsel, hereby notice removal of this civil action from the Court of Common Pleas, Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice, the defendants aver as follows:

1. On November 28, 2000, plaintiff Beverly Williams filed a Writ of Summons captioned <u>Beverly Williams v. KYW-TV, CBS Corporation, and Viacom, Inc.</u>, in the Court of Common Pleas of Philadelphia County, Pennsylvania, November Term 2000, Case No. 3055 (the "Action"). A true and correct copy of the Writ of Summons, along with the Civil Cover Sheet, is attached hereto as Exhibit 1. Plaintiff did not file a Complaint at that time setting forth the claims upon which she sought relief.

2. On May 15, 2002, plaintiff filed and served on defendants her "Amended Complaint." A copy of the Amended Complaint is attached hereto as Exhibit 2.[1]

3. In addition to a claim under Pennsylvania's Human Relations Act, the Amended Complaint asserts three federal causes of action:

    a. "Race, Gender and Age Discrimination" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Count I);

    b. "Race Discrimination" under 42 U.S.C. § 1981 (Count II); and

    c. "Age Discrimination" under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (Count III).

4. Because the plaintiff has asserted federal claims, this Action presents a federal question for resolution over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

5. For the foregoing reasons, the defendants are entitled to remove this Action to this Court pursuant to 28 U.S.C. § 1441.

6. All of the defendants consent to the removal of the Action.

7. This Action has been removed within thirty (30) days of the date from which it could first be ascertained that the plaintiff was asserting some or all of her federal claims, in that:

---

[1] According to the Court of Common Pleas docket, the plaintiff also filed a document titled "Complaint" on May 13, 2002. This document was never served on the defendants and is therefore not attached to this Notice. See 28 U.S.C. § 1446(a).

a. Even if plaintiff could be said to have asserted a claim under 42 U.S.C. § 1981 in the Civil Cover Sheet, which lists "42 U.S.C. § 1981" as a "Statutory Basis of Cause of Action," the Complaint she actually filed is radically different. Plaintiff's claim under § 1981 is limited to race discrimination. (Compl. at Count II). In her Amended Complaint, she now claims that the defendants are also guilty of gender discrimination and age discrimination, under two entirely different statutes presenting two entirely different theories. Because the plaintiff has filed "an entirely new and different cause of action" in her Amended Complaint, the thirty day period under § 1446 begins to run from the time the Amended Complaint was filed. Johnson v. Heublein, Inc., 227 F.3d 236, 241 (5th Cir. 2000); see 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732, at 321 (1998) ("[A] willingness on the part of the defendant to remain in a state court to litigate a particular claim should not be interpreted as a willingness on his part to remain in a state court to adjudicate a completely different claim."); see also Wilson v. Intercollegiate (Big Ten) Conference A.A., 668 F.2d 962 (7th Cir. 1982).

b. Furthermore, although the Civil Cover Sheet refers to § 1981, this designation did not inform the defendants "to a substantial degree of specificity, whether all of the elements of federal jurisdiction [were] present." Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 53 (3d Cir. 1993). The plaintiff was under no obligation to assert a federal claim in her complaint, and the defendants could not know if the plaintiff's claims in fact arose under federal law until she first served a Complaint setting forth those claims on May 15, 2002.

8. In accordance with the requirements of 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the defendants, which have not otherwise been attached as an exhibit hereto, are attached hereto as Exhibit 3.[2]

9. In accordance with the requirements of 28 U.S.C. § 1446(d), a certified copy of this Notice will be filed promptly with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, and a true and correct copy of this Notice will be served upon the plaintiff.

---

[2] Other than the Writ of Summons, and the Amended Complaint, the Pleadings, Process and Orders which were filed with the Court and served upon the Defendants are: the Scheduling Order of February 22, 2001 (Exhibit 3(A)); the Case Management Conference Memorandum of Plaintiff (Exhibit 3(B)); the Case Management Conference Memorandum of Defendant (Exhibit 3(C)); the Case Management Order, Complex Track (Exhibit 3(D)); Entry of Appearance by Dechert Price & Rhoads (Exhibit 3(E)); Motion for Admission Pro Hac Vice of Bettina P. Plevan (Exhibit 3(F)); Order granting Motion for Admission Pro Hac Vice (Exhibit 3(G)); Praecipe to Issue a Rule to File a Complaint (Exhibit 3(H)); and Plaintiff's Petition for Extraordinary Relief (Exhibit 3(I)).

WHEREFORE, the defendants notice removal of this Action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully Submitted,

*/s/ Michael E. Baughman*
Vernon L. Francis
Michael E. Baughman
Dechert Price & Rhoads
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

Attorneys for Defendants

Of Counsel:
Bettina B. Plevan (BP-7460)
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3065

Attorney for Defendants

Dated: May 23, 2002